IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John J. Daly, III, | ) | C.A. No. 3: 05-2807-CMC |
| | ) | |
| Plaintiff, | ) | **ORDER and OPINION** |
| | ) | **GRANTING MOTION FOR** |
| v. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Scottsdale Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for summary judgment. For the reasons set forth below, the court grants the motion in full. To the extent Plaintiff's responsive memorandum purports to include a cross motion for summary judgment, that motion is denied.[1]

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

---

[1] Plaintiff purports to renew his earlier motion for summary judgment (Dkt No. 8) by reference in the introduction to his responsive brief. While the court encourages submission of a consolidated memorandum when a party is both opposing a motion for summary judgment and offering an opposing motion, a separate motion should also be filed to insure that the proffered motion is treated as such on the court's computerized docketing system.

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

**BACKGROUND**

Through this action, Plaintiff seeks a declaration that Defendant failed to make an effective offer of underinsured motorist ("UIM") coverage to Plaintiff's employer United Parcel Services, Inc. ("UPS"). This determination is critical to whether Plaintiff may recover under a reformed policy for for injuries he received on April 1, 2004, when Plaintiff was injured in an automobile accident.[2]

Defendant has filed a copy of the form used to offer UIM coverage to UPS. This form

---

[2] At the time of the accident, Plaintiff was driving a vehicle owned by his employer. Plaintiff asserts and the court assumes for present purposes that the accident was the result of negligence by the driver of the other vehicle and that Plaintiff's damages exceed the insurance available to that driver and on that vehicle.

explains the purpose of underinsured motorist coverage and that the insured has "the right to buy underinsured motorist coverage in limits up to the limits of liability coverage which you will carry under your automobile insurance policy." Dkt No. 16, Ex. A at 2. Under the heading "Offer of Underinsured Motorists Coverage," the form lists nine coverage options and the corresponding rates which are described as "[t]he available limits and costs." The coverage amount options ranged from $40,000 to $1,000,000, in addition to a "policy limit" option. The policy at issue was for $5,000,000.

The Corporate Risk Manager for UPS, Michael P. Fenlon, completed the UIM form, checking a box beside the statement "I choose to reject Underinsured Motorist Coverage." The alternative choice allowed him to check a box electing coverage and to fill in the amount of coverage. Nothing on the form expressly advises that an insured may elect *any* amount up to the coverage amounts, assuming the insurer is authorized to offer those amounts.

Defendant has also filed an affidavit by Fenlon which explains that, at the time he completed the form, he "was fully knowledgeable about the nature of underinsured motorist coverage both due to [his] background and the explanation of coverage provided by Liberty Mutual." Dkt No. 16, Ex. B at ¶ 3. He further explains that he "understood that UPS could purchase underinsured motorist coverage in any amount up to an amount equal to the liability limits under the policy . . . [and] was not limited to purchasing only the limits listed on the form." Dkt No. 16, Ex. B at ¶ 4.

**DISCUSSION**

Plaintiff asserts that the "offer [of underinsured coverage] did not comply with applicable South Carolina statutory [and] case law" and that it should, therefore, "be reformed to include the underinsured motorist coverage in the amount of the liability insurance limits." Dkt No. 17 at 2. The

specific defects mentioned include the failure "to offer UIM coverage at the basic limits" of 15,000/30,000, and the failure to make clear that there were other available options beyond those specifically listed. Dkt No. 17 at 3. As to the latter, Plaintiff notes that Defendant failed to use the Insurance Commissioner's recommended wording: "If there are other limits in which you are interested, but which are not shown on this Form, then fill in those limits." *Id.*

Plaintiff's argument rests on statutory and case law which has fairly strictly applied the requirements for a meaningful offer where the form alone is considered. The relevant requirements have been summarized as follows:

> In general, for an insurer to make a meaningful offer of UIM coverage, (1) the insurers notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium.

*State Farm Mut. Auto. Ins. Co. v. Wannamaker,* 354 S.E.2d 555, 556 (S.C. 1987) (quoted in *Croft v. Old Republic Ins. Co.*, 618 S.E.2d 909 (S.C. 2005)).

As noted in *Croft*,

> In response to *Wannamaker*, the legislature enacted a statute establishing the requirements for forms used in making offers of optional insurance coverage such as UIM. The statute directs the insurer to include the following in its offer:
>
> (1) a brief, concise explanation of the coverage;
> (2) a list of available limits and the range of premiums for the limits;
> (3) space for the insured to mark whether the insured chooses to accept or reject the coverage, and a space to select the limits of coverage desired;
> (4) a space for the insured to sign the form, acknowledging that the optional coverage has been offered; and
> (5) the mailing address and telephone number of the Department, so that the insured may contact it with any questions that the insurance agent is unable to answer. S.C.Code Ann. 38-77-350(A) (2002).

> An insurer enjoys a presumption it made a meaningful offer if it executes a form that complies with this statute. . . . If the form does not comply with the statute, the insurer may not benefit from the protections of the statute. . . . Furthermore, a form does not necessarily constitute a meaningful offer simply because it was approved by the Department of Insurance.

*Croft,* 618 S.E.2d at 917-18 (internal citations omitted).

In *Croft,* the court also noted that "an insureds knowledge or level of sophistication is not relevant *when the analysis is confined to whether a particular written form complies with the statutory requirements*, such that the insurer enjoys a presumption that it made a meaningful offer. That analysis simply involves a review of the written form itself." *Id.* at 918 (emphasis added). Nonetheless, the court found the insured's knowledge relevant to the ultimate inquiry before this court:

> However, evidence of the insureds knowledge or level of sophistication is relevant and admissible when analyzing, under *Wannamaker*, whether an insurer intelligibly advised the insured of the nature of the optional UM or UIM coverage. It is a subjective inquiry to the extent the insured may offer evidence of his understanding, or lack thereof, of the nature of UM or UIM coverage. It also is an objective inquiry because *the factfinder should consider the insureds knowledge and level of sophistication in determining whether the insurer intelligibly explained such coverage to the insured*.

*Id.*

Fenlon's affidavit fully supports the conclusion that he was responsible for the insurance purchase decision, that he understood the available options, and that the offer of underinsured coverage was, in fact, meaningful. Plaintiff has been provided the opportunity to depose Fenlon and has directed the court to no portion of that deposition or any other evidence which would contradict Fenlon's affidavit. Under these circumstances, the court concludes that Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, the court grants Defendants' motion for summary judgment. To the extent Plaintiff sought to include a cross motion for summary judgment in his responsive brief, that motion is denied.

**IT IS SO ORDERED**.

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 22, 2006

C:\temp\notesB0AA3C\05-2807 Daly v Liberty Mutual SJ.wpd